JOHN J. BOWEN, PLAINTIFF-RESPONDENT, v. FREEMAN A. GODFREY ET AL., DEFENDANTS-APPELLANTS.

Submitted October 17, 1930—Decided April 2, 1931.

Before Justices CASE, DALY and DONGES.

For the appellants, *Collins & Corbin.*

For the respondent, *William J. Cain* and *Feinberg & Feinberg.*

PER CURIAM.

This is an appeal from a judgment of the Bayonne District Court in favor of the plaintiff entered upon the verdict of a

jury. Plaintiff is the owner of a building in which defendants erected a thirty-five-foot stack for plaintiff's tenants. The allegation was that the work of erecting the stack was so negligently done as to cause damage to the roof of plaintiff's building.

The single point argued upon this appeal is that there was no evidence of any negligence on the part of the defendants, which was the proximate cause of the damage in this case.

Plaintiff proved, by his own testimony and that of several others, that before the work was done the roof was in good condition and that immediately thereafter it commenced to leak in many places. Plaintiff testified that he visited the premises while the work was in progress and found that defendants had dragged a heavy section of the stack over the coping of the roof in such a manner as to break a piece out of it. He testified as follows: "They started to rivet with hot rivets and cut them off with a cutter, and when they cut them they dropped them on the roof and burned holes through the roof. As soon as they cut the rivets they dropped down and burned holes through the roof. I talked to the boss about it and he said, 'we will fix it up. You don't need to worry.'" He testified that seven skylights had been pried loose from the roof in order to run ropes down into the building and some of them were broken, and that the paper under the slag roofing was torn up in places by bars used to skid the stack across the roof. He testified that he remonstrated with the workmen because they were using insufficient planking to protect the roof and that they promised to use more, which they did, but still not enough.

The above is certainly evidence of negligence in doing the work. Of course, it was all very vigorously denied by the defendants and their witnesses. But the position of the defendants is, and must be, that there is no evidence at all of negligence. They claim the proof was uncontradicted that the erection was done strictly in accordance with the expert way of doing it. It was open to the jury from the evidence before it to believe that pieces of red hot rivets were per-

mitted to burn through the roof. Certainly no expert testimony was required to prove that this was not the proper way to do the work. The complaint of the plaintiff was not with the general method used to erect the stack, but with the negligent manner in which this method was employed.

In their brief the appellants entirely overlook the above testimony of the plaintiff and seem to discuss the case as if the question were merely one of whether or not they had employed methods approved by sound engineering. The question is whether or not the agents of the defendants negligently dug the points of bars into the roof in sliding the sections of the stack, negligently allowed red hot rivets to damage the roof, and negligently tore loose immovable skylights from the roof in such manner as to break them. There was evidence to this effect. The jury believed this evidence, and the judgment cannot be disturbed because they did believe it rather than the evidence of the defendants. Under the District Court act this judgment can be reversed only if there is no evidence at all to support it.

The judgment is affirmed, with costs.